# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SHEREE SHEPARD ) <br> on behalf of Herself and All Others ) <br> Similarly Situated, ) <br>                   Plaintiffs, ) <br>    ) <br> v. ) <br>    ) <br> DINEEQUITY, INC., et al., ) <br>    ) <br>                   Defendants. ) <br> _____) | CIVIL ACTION <br><br> No. 08-2416-KHV |

## MEMORANDUM AND ORDER

This matter is before the Court on <u>Plaintiffs' Motion for Leave To File Under Seal</u> Doc. #109 filed September 16, 2009. The parties seek protection of documents which contain information that allegedly is "Confidential" and "Highly Confidential." <u>Id.</u> at 1.

## Standard

The law does not recognize an absolute privilege for trade secrets and similar confidential information. <u>Centurion Indus., Inc. v. Warren Steurer & Assoc.</u>, 665 F.2d 323, 325 (10th Cir.1981). To successfully establish the need to file under seal pursuant to Rule 26(c)(1)(G), Fed. R. Civ. P., the party must demonstrate that the information in question is a trade secret and that its disclosure might be harmful. <u>Id.</u> Regardless of the existence of a protective order, any motion to seal parts of the record must also establish that the interests favoring non-disclosure outweigh the public's interest in access to court documents. <u>See</u> <u>Nixon v. Warner Commc'ns</u>, 435 U.S. 589, 599 (1978); <u>Crystal Grower's Corp. v. Dobbins</u>, 616 F.2d 458, 461 (10th Cir. 1980); <u>see also</u> <u>Gipson v. Southwestern Bell Tel. Co.</u>, No. 08-CV-2017-KHV, 2008 WL 4712828, at *1 (D. Kan. Oct. 23, 2008). The public has a fundamental interest in understanding disputes that are presented to a public forum for resolution. <u>Dobbins</u>, 616 F.2d at 461. In addition, the public's interest in district court

proceedings includes the assurance that courts are run fairly and that judges are honest. Id.

Where the movants have provided no evidence that information constitutes a trade secret and have not established that disclosure of the information may be harmful, movants have not met their burden under Rule 26(c)(1)(G). See Cunningham v. Std. Fire Ins. Co., No. 07-CV-02538, 2008 WL 2668301 at *7 (D. Colo. Jul. 1, 2008). In addition, the party seeking a protective order has the burden to show good cause for it. Sentry Ins. v. Shivers, 164 F.R.D. 255, 256 (D. Kan. 1996). To establish good cause, a moving party must submit particular and specific facts, and not merely "stereotyped and conclusory statements." Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981).

Here, plaintiffs assert that their motion for class certification, memorandum in support and accompanying exhibits contain confidential information that if disclosed could create a substantial risk of serious injury to defendants. Plaintiffs have not suggested why this information, if disclosed, might be harmful to either party. Nowhere in their request do plaintiffs establish how the exhibits labeled confidential and highly confidential are trade secrets or otherwise protected under the Rule 26. Furthermore, plaintiffs do not demonstrate that redaction would be insufficient to protect any information which is a legitimate trade secret or is legitimately confidential personal information. Plaintiffs fully base their request on the protective order and the joint agreement of the parties to place this information under seal. The Court therefore denies plaintiffs' request to seal these documents.[1]

---

[1] Section II., I. of the District of Kansas Administrative Procedures for Filing, Signing, And Verifying Pleadings and Papers By Electronic Means In Civil Cases provides that:

> [P]arties may modify or partially redact. . .confidential information as permitted by the court (*e.g.*, driver's license numbers, medical records, employment history, individual financial information, and proprietary or trade secret information).
> (continued...)

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Leave To File Under Seal (Doc. #109) filed September 16, 2009, be and hereby is **OVERRULED**.

Dated this 30th day of September, 2009 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Court

---

[1](...continued)
Consistent with the E-Government Act of 2002. . .a party that files a document with such personal data identifiers or other confidential information redacted may file an unredacted version of the document under seal or file a reference list under seal.