# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SHEREE SHEPARD ) | |
| on behalf of Herself and All Others ) | |
| Similarly Situated, ) | |
|            Plaintiffs, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 08-2416-KHV |
| APPLEBEE'S INTERNATIONAL, INC., et al., ) | |
| ) | |
|            Defendants. ) | |

## MEMORANDUM AND ORDER

Sheree Shepard and Anthony Watts bring putative class action claims against Applebee's International, Inc. and Weight Watchers International, Inc. for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c) and (d).  See First Amended Complaint (Doc. #42) filed February 4, 2009.  This matter comes before the Court on Defendants' Motion For Judgment On The Pleadings Re: RICO Causes Of Action (Doc. #167) filed February 5, 2010.

## Legal Standards

A motion for judgment on the pleadings under Rule 12(c), Fed. R. Civ. P., is governed by the same standards as a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P.[1]  See Atl. Richfield Co. v. Farm Credit Bank of Wichita, 226 F.3d 1138, 1160 (10th Cir. 2000); Mock v. T .G. & Y. Stores Co., 971 F.2d 522, 528 (10th Cir. 1992).  In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement of relief.  Ashcroft v. Iqbal, 129 S.Ct.

---

[1] Fed. R. Civ. P. 12(c) states in relevant part as follows: "After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."

1937, 1950 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible – and not merely conceivable – on its face. Id.; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense. Iqbal, 129 S.Ct. at 1950. The Court need not accept as true those allegations which state only legal conclusions. See id.; Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiffs bear the burden to frame their complaint with enough factual matter to suggest that they are entitled to relief; it is not enough for them to make threadbare recitals of a cause of action accompanied by mere conclusory statements. Twombly, 550 U.S. at 556.

Plaintiffs make a facially plausible claim when they plead factual content from which the Court can reasonably infer that defendants are liable for the misconduct alleged. Iqbal, 129 S.Ct. at 1949. Plaintiffs must show more than a sheer possibility that defendants have acted unlawfully – it is not enough to plead facts that are "merely consistent with" defendants' liability. Id. (quoting Twombly, 550 U.S. at 557). A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not stand. Id. Similarly, where the well pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged – but not "shown" – that the pleader is entitled to relief. Id. at 1950. Finally, the degree of specificity necessary to establish plausibility and fair notice depends on context, because what constitutes fair notice under Rule 8(a)(2) depends upon the type of case. Robbins v. Okla., 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 232-32 (3d. Cir. 2008)).

## **Background**

On September 9, 2008, Sheree Shepard and Anthony Watts filed a class action complaint against DineEquity, Inc., Applebee's International, Inc. and Weight Watchers International, Inc. See Complaint – Class Action (Doc. #1). On February 4, 2009, plaintiffs filed an amended complaint which alleged that defendants violated the RICO, 18 U.S.C. § 1962(c) and (d), and the Kansas Consumer Protection Act ("KCPA"), K.S.A. § 50-626(b)(1)(A) and (D), and also asserted claims for civil conspiracy and unjust enrichment under state law. See First Amended Complaint – Class Action (Doc. #42). On February 27, 2009, defendants filed four motions which sought to dismiss (1) plaintiffs' entire first amended complaint on preemption grounds; (2) plaintiffs' RICO claims; (3) plaintiffs' state law claims; and (4) plaintiffs' claims against Weight Watchers.[2] On September 16, 2009, plaintiffs filed a motion for class certification.

On September 25, 2009, the Court dismissed plaintiffs' state law claims and sutained in part the motion to dismiss plaintiffs' RICO claims. See Memorandum And Order (Doc. #122).[3] On February 5, 2010, as to the remaining RICO claim against Applebee's and Weight Watchers, defendants filed a motion for judgment on the pleadings. See Defendants' Motion For Judgment On The Pleadings Re: RICO Causes Of Action (Doc. #167).

**Analysis**

Defendants argue that plaintiffs have not alleged "racketeering activity" because they have

---

[2] See Motion to Dismiss Complaint on Grounds of Federal Preemption (Doc. # 51), Motion to Dismiss for Failure to State a Claim Regarding Alleged RICO Violations (Doc. # 54), Motion to Dismiss State Law Claims and to Strike Civil Penalties Demand (Doc. # 56) and Motion to Dismiss Weight Watchers International, Inc. (Doc. # 58).

[3] The Court dismissed plaintiffs' RICO claims against DineEquity because plaintiffs had not alleged a factual basis for their allegation that DineEquity operated a RICO enterprise by virtue of its ownership of Applebee's.

3

not sufficiently alleged predicate acts of mail and wire fraud under RICO.[4]  Specifically, defendants argue that plaintiffs have not properly alleged falsity because they have not alleged that defendants' representations lacked a "reasonable basis" under the Nutrition Labeling and Education Act of 1990 ("NLEA"), 21 U.S.C. § 301 et seq.[5]  Stated differently, defendants note the Court's prior holding that except to the extent plaintiffs' food labeling fraud claims incorporated the federal standards articulated in the NLEA, preemption prevented plaintiffs from pursuing them.  Because plaintiffs have not alleged state law fraud claims which are not preempted, defendants argue that plaintiffs have not alleged predicate acts under RICO.

Plaintiffs respond that even if the NLEA preempts plaintiffs' state law fraud claims, that preemption has no effect on plaintiffs' RICO claims, which arise under federal law.[6]

The elements of a civil RICO claim are (1) conduct of (2) an enterprise (3) through a pattern

---

[4] Defendants also argue that plaintiffs' "fraud-on-the market" theory of causation is not a valid method of showing causation in this context.  Because this issue is not determinative, the Court does not address it.

[5] Defendants initially asked the Court to dismiss plaintiffs' RICO claims because the NLEA preempted them.  See Defendants' Memorandum Of Points And Authorities In Support Of Motion To Dismiss No. 1 (Motion To Dismiss Complaint On Grounds Of Federal Preemption) (Doc. #52) filed February 27, 2009 at 14.  By not addressing it in their reply brief, defendants seemingly abandoned this argument.  See Reply In Support Of Defendants' Motion To Dismiss No. 1 (Motion To Dismiss Complaint On Grounds Of Federal Preemption) (Doc. #69) filed May 6, 2009.

[6] Plaintiffs do not seriously claim that their second amended complaint alleges state law fraud claims which are consistent with the NLEA.  Indeed, except to argue that after-the-fact testing data "deprived Defendants of any 'reasonable basis' they might otherwise have had," plaintiffs do not address the "reasonable basis" standard or respond on the merits to defendants' argument.  See Plaintiffs' Opposition To Defendants' Motion For Judgment On The Pleadings (Doc. #179) filed March 5, 2010 at 11.  Plaintiffs advance several straw-man arguments to the effect that the NLEA does not preempt or implicitly repeal RICO, but they do not cite any predicate acts or allegations of mail or wire fraud which would survive the Court's preemption analysis.  The fact that federal law supplies the governing standard for plaintiffs' state law fraud claims does not implicate an overall preemption or implied repeal of RICO, and the Court does not further address these arguments.

(4) of racketeering activity.  18 U.S.C. § 1962(a), (b), & (c); Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985); BancOklahoma Mortgage Corp. v. Capital Title Co., 194 F.3d 1089, 1100 (10th Cir. 1999).  Both mail fraud, 18 U.S.C. § 1341, and wire fraud, 18 U.S.C. § 1343, are predicate acts that form a basis for liability under RICO.  18 U.S.C. § 1961(1)(B).  To establish a claim of mail fraud under 18 U.S.C. § 1341, plaintiffs must allege: (1) the existence of a scheme or artifice to defraud or obtain money or property by false pretenses, representations or promises, and (2) use of the United States mails for the purpose of executing the scheme.  See United States v. Warren, 747 F.2d 1339, 1344 (10th Cir. 1984)).  The elements of wire fraud are very similar, but require that the defendant use interstate wire, radio or television communications in furtherance of the scheme to defraud.  Id. (citing 18 U.S.C. § 1343).  The common thread among each of these crimes is the concept of fraud.  See BancOklahoma, 194 F.3d at 1103.  To determine what constitutes fraud under Sections 1341 and 1343, the Tenth Circuit looks to state common law.  See Tal v. Hogan, 453 F.3d 1244, 1263 (10th Cir. 2006) (citing BancOklahoma, 194 F.3d at 1103)).[7]  Where federal law preempts state common law claims, RICO claims which rely on the preempted state fraud claims to define predicate acts are similarly "preempted" for lack of a better word.  See Jarman v. United Indus. Corp., 98 F. Supp.2d 757, 766 (S.D. Miss. 2000).[8]

---

[7] In Kansas, the elements of common law fraud are (1) false representations made as statements of existing and material fact; (2) representations known to be false by the party making them or recklessly made without knowledge concerning them; (3) representations intentionally made for the purpose of inducing another party to act upon them; (4) reasonable reliance on the representations by the other party; and (5) damages.  Kelly v. VinZant, 287 Kan. 509, 515, 197 P.3d 803, 808 (Kan. 2008).

[8] In Jarman, a product labeling case under the Federal Insecticide, Fungicide and Rodenticide Act ("FIFRA"), 7 U.S.C. § 136 et seq., the court recognized that "preemption" analysis technically did not apply to plaintiff's RICO claims – which derived from federal rather than state law.  See 98 F. Supp. 2d at 766.  It nonetheless *treated* plaintiff's RICO claims as preempted, in

(continued...)

As this Court previously held, the NLEA preempts all state law claims that impose a higher standard than the NLEA with regard to nutrition labeling of restaurant foods. See Memorandum And Order (Doc. #122) 9-10. Because plaintiffs invoked a standard which was lower than the "reasonable basis" standard identified in the NLEA, the Court held that the NLEA preempted the state law claims which plaintiffs alleged. Plaintiffs did not thereafter seek to amend their complaint to allege state fraud under the NLEA standard – either to resuscitate their state law claims or to re-state their predicate act allegations under RICO.

Plaintiffs' RICO claims allege predicate acts of mail fraud and wire fraud which rely on the same common law fraud theories the Court has deemed preempted. Because plaintiffs have not alleged fraud under the NLEA "reasonable basis" standard, it stands to reason that they have not sufficiently alleged predicate acts under RICO.

**IT IS THEREFORE ORDERED** that Defendants' Motion For Judgment On The Pleadings Re: RICO Causes Of Action (Doc. # 167) filed on February 5, 2010, be and hereby is **SUSTAINED**.

**IT IS FURTHER ORDERED** that all other pending motions, including Plaintiffs' Motion For Class Certification (Doc. #143) filed on November 5, 2009, be and hereby are **OVERRULED** as moot.

---

[8](...continued)
order to avoid "direct circumvention" of a regulatory structure which Congress had constructed. Id. There, in circumstances similar to those in this case, the court held that FIFRA labeling regulations preempted plaintiff's state law claims for common law fraud, negligent misrepresentation, unjust enrichment and breach of warranty. Id. at 767. Defendants argued that FIFRA also preempted plaintiff's RICO claims because Congress had placed responsibility for pesticide labeling within the exclusive jurisdiction of the EPA. Id. at 765. Defendants did not raise the argument which defendants advance in this case – that state law supplies the governing standard for any predicate acts of mail or wire fraud under RICO. Therefore, while this Court agrees with the outcome in Jarman, it declines to do so on conventional preemption grounds.

6

Dated this 7th day of April, 2010 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Court
